```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ZELTON COLLINS,                     :

                Plaintiff,          :   11 Civ. 2658 (BSJ)(HBP)

    -against-                       :   OPINION
                                        AND ORDER
CAPT. SINGLETARY, #1004, AT         :
RIKERS ISLAND RNDC, et al.,
                                    :
                Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

By motion dated June 2, 2011, plaintiff moves for pro bono counsel[1] (Docket Item 8). For the reasons set forth below, the motion is denied without prejudice to renewal.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availabil-

---

[1] In a civil case, such as this, the Court cannot actually "appoint" counsel for a litigant. Rather, in appropriate cases, the Court submits the case to a panel of volunteer attorneys. The members of the panel consider the case, and each decides whether he or she will volunteer to represent the plaintiff. If no panel member agrees to represent the plaintiff, there is nothing more the Court can do. See generally Mallard v. United States District Court, 490 U.S. 296 (1989). Thus, even in cases where the Court finds it is appropriate to request volunteer counsel, there is no guarantee that counsel will actually volunteer to represent plaintiff.

ity of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her atten-tion.  Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim.  In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success."  Hodge,

>802 F.2d at 60-61 (internal quotation marks and citation omitted).  In <u>Cooper v. A. Sargenti Co.</u>, [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit."  877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

<u>Ferrelli v. River Manor Health Care Ctr.</u>, 323 F.3d 196, 204 (2d Cir. 2003).

The application currently before me fails to address or establish a number of the relevant elements.  Plaintiff's motion tells me nothing about the merits of plaintiff's claim.  The complaint describes the facts giving rise to the complaint as follows:

>The defendants had used excessive force with no probable cause causing injuries to my facial and upper body damage.  And some of my personal property was damaged and lossed [<u>sic</u>] few items by CO Valentine.
>
>Capt. Singletary, CO DiPierri, CO Rees and CO Cloverington had attacked me during and after the institutional search.  CO Valentine had damaged and lost few items I'm entitled to have in my possession.
>
>There was a Deputy Security (unknown name and shield) that attended the institutional search and he also had attacked me during and after the search.  He's identified black male, 5'10 180 lbs, salt and pepper hair and facial [<u>sic</u>].
>
>Another inmate was also attacked by the defendants.  Inmate identified by Oliver Ross # 4410913758.

(Complaint, Section II(D)).  The foregoing unsworn allegations provide very little information about the alleged assault.  No information is provided concerning what events, if any, preceded

the altercation, whether there are any witnesses and the personal involvement, if any, of each of the defendants.  Under these circumstances, it is impossible to even make a guess concerning the merits of plaintiff's claim.  If plaintiff renews his application for counsel, he should explain why he believes his case is meritorious.

In addition, the motion indicates that plaintiff has contacted only one attorney in an effort to obtain counsel. Plaintiff should make more extensive efforts to secure counsel on his own before he seeks the assistance of the court's Pro Bono Panel.

Finally, plaintiff does not provide any explanation of why he is unable to litigate the case on his own.  I have no doubt that plaintiff -- an incarcerated inmate -- will face a number of obstacles in attempting to litigate this matter.  The fact that plaintiff is incarcerated, however, is not sufficient by itself to justify adding plaintiff's case to the list of cases that will be considered by the Pro Bono panel.  If plaintiff renews his application, he should describe the specific difficulties he would face if he is compelled to proceed without an attorney.

Accordingly, plaintiff's motion to have his case added to the list of cases considered by the Court's Pro Bono Panel

(Docket Item 8) is denied without prejudice to renewal.  Any renewed application should address the relevant factors discussed above.

Dated:  New York, New York
        January 9, 2012

                                        SO ORDERED

                                        _____
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copy mailed to:

Mr. Zelton Collins
Book & Case No. 2410911359
Otis Bantum Correctional Center
1600 Hazen Street
East Elmhurst, New York  11370

Rudyard W. Ceres, Esq.
Special Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007